UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| JEANETTE LINDEMAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 05-358-DCR |
| ) | |
| V. ) | |
| ) | |
| JO ANNE BARNHART, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Jeanette Lindeman ("Lindeman") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 9 and 12] Through this action, Lindeman seeks to reverse the decision of an administrative law judge ("ALJ") concluding that she was not entitled to a period of disability, Disability Insurance Benefits and Supplemental Security Income. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Lindeman.

**I.    BACKGROUND**

Lindeman filed her current application for a period of disability, Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) payments on July 31, 2001.[1] This claim

---

[1]    The Plaintiff previously filed an application for disability benefits and Supplemental Security Income on August 6, 1996. These claims were denied initially and upon reconsideration.

was denied initially and upon reconsideration. Thereafter, Lindeman requested a hearing before an ALJ. On November 8, 2002, a hearing was conducted before ALJ Judith A. Showalter. During this administrative hearing, the ALJ heard testimony from Lindeman and Leah Salyers, a vocational expert ("VE"). On December 17, 2002, the ALJ issued a decision denying benefits to Lindeman. [See Transcript ("Tr."), pp. 15-30.] The ALJ concluded that Lindeman retained the residual functional capacity to perform a significant range of light work. [Tr., p. 30] Lindeman's request for review was denied by the Appeals Council on October 17, 2005. [Tr., pp. 6-9]

At the time of the administrative hearing, Lindeman was a 41 year-old individual with a high school education and one year at Lexington Community College. [Tr., p. 19] She has past work experience as a self employed horse trainer, meat cutter, kitchen prep cook, file clerk, and keyboarding medical records. Lindeman alleges disability beginning July 31, 2001, due to bilateral carpal tunnel, tennis elbow, ulcers, headaches, obesity, nerves with depression, anxiety, bipolar disorder, manic depressive disorder, poor short-term memory, chronic fatigue, and sleep disturbance. [Tr., pp. 19-20, 86] After a careful review and evaluation of the medical evidence of record and testimony at the hearing from the Claimant and the VE, the ALJ found that Lindeman had the residual functional capacity to perform a significant range of light work. [Tr., p. 30] She concluded that Lindeman was not disabled as defined in the Social Security Act and regulations. [Tr., p. 30]

**II.     LEGAL STANDARD**

A claimant's social security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.

First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b); 20 C.F.R. 40420 C.F.R. § 416.920(b). Second, a claimant must show that she suffers from a severe impairment. 20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d); 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity (RFC) and relevant past work to determine if she can do past work. If she can, she is not disabled. 20 C.F.R. § 404.1520(f); 20 C.F.R. § 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education and past work experience to determine if she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g); 20 C.F.R. § 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work

available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Servs.*, 46 F.3d 552,

555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Servs.*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Servs.*, 818 F.2d 461, 464 (6th Cir. 1987).

### III.   DISCUSSION

Lindeman's sole argument in this action is that the ALJ did not accurately represent her mental impairments to the VE. Specifically, she claims that the ALJ did not include in the relevant hypothetical to the VE the additional limitation that "her mood shifts may decrease her social predictability." [Record No. 9, p. 7] Lindeman thus argues that a vocational difference exists between the limitations described by the ALJ and the limitations described by the consultative psychologist, Dr. Clairressa Goad. [Record No. 9, p. 7]

The Commissioner asserts that the ALJ did present an accurate hypothetical to the VE and that, if anything, the ALJ's hypothetical was more limiting than Dr. Goad's report. [Record

No. 12, p. 6-7] Dr. Goad's report states in pertinent part: "She can manage simple one/two step instructions and her ability to concentrate appears to be intact. Intellectually she seems adaptable and socially as well although her mood shifts may decrease her social predictability." [Tr., p. 475] In the hypothetical presented to the VE at the hearing, the ALJ states in pertinent part:

> And this is further a person who – based on Exhibit 15F, this is an individual who due to underlying mental impairment can manage simple, one-, two-step instructions. There is a moderate limitation – based on the scale of not significantly limited, moderately limited, and markedly limited – a moderate limitation in the ability to concentrate, to give normal attention and concentration to the tasks.

[Tr., pp. 636-37] The Commissioner further asserts that the ALJ specifically referred to Dr. Goad's report in her hypothetical to the VE and asked the VE if, in her review of the file, she noticed anything that would have a vocational impact other than what the ALJ had covered in her hypothetical. Additionally, the Commissioner notes that Dr. Goad's report states that the "**reported** mood shifts **may** decrease her social predictability" and suggests that this portion of the report is a subjective analysis, unsubstantiated by the record before the ALJ. [Record No. 12, pp. 7-8]

In *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235 (6th Cir. 2002), the Sixth Circuit reversed the Commissioner's denial of benefits because a faulty hypothetical question did not accurately describe the claimant's abilities. As the Court noted, hypothetical questions posed to VEs for the purpose of determining whether a claimant can perform other work should be a complete and accurate assessment of the claimant's physical and mental state which should include an "accurate portrayal of her individual physical and mental impairments." *Id*. at 239;

*Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987); *Myers v. Weinberg*, 514 F.2d 293, 294 (6th Cir. 1975).

Where a hypothetical question fails to describe accurately the claimant's physical and mental impairments, the defect can be fatal to the VE's testimony and the ALJ's reliance on it. An ALJ, however, is not required to restate verbatim a medical report to a VE in order to accurately state a claimant's relevant impairments. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). Thus, the central question is not whether the hypothetical question posed to the VE recounts all of the medical findings, impairments and conditions, but whether it is a fair, complete and accurate summation regarding the claimant's abilities and overall mental and physical state, based upon the available evidence and testimony. *See Foster v. Halter*, 279 F.3d 348, 356 (6th Cir. 2001); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Felinsky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994); *Davis v. Sec'y of Health & Human Servs.*, 915 F.2d 186, 189 (6th Cir. 1990); *Higgs*, 880 F.2d at 863; *Varley*, 820 F.2d at 779. Moreover, merely because a claimant was diagnosed with a condition does not mean such diagnoses must be included in a hypothetical. The medical evidence must support such a diagnosis and must support a finding that the diagnosis causes functional debilitation. *Id*.

The Sixth Circuit more recently addressed this argument in *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629 (6th Cir. 2004). In *Webb*, the Sixth Circuit held that

> there is some confusing language in *Howard* that could conceivably be viewed as requiring that hypothetical questions include lists of claimants' medical conditions. However, we conclude that, given the facts present in *Howard*, that language is not part of its holding, nor can it be so construed if *Howard* is to be read to be consistent with the holdings of our prior decisions.

*Id.* at 631-32. Thus, the Sixth Circuit has unequivocally stated that the ALJ is *not* required to present an exhaustive list of a claimant's medical or mental conditions to the VE in his hypothetical.

Contrary to Lindeman's assertion, the ALJ's hypothetical presented to the VE was an accurate representation of the claimant's abilities and overall mental and physical state, based upon the available evidence and testimony. *See Buxton,* 246 F.3d at 772. The ALJ does not have to give significant weight to a limitation that is not supported by medical evidence in the record. *Foster*, 279 F.3d at 356. Notably, the administrative record reflects that prior to the VE's testimony concerning the hypothetical question, the ALJ asked Lindeman about the "mood switches" and whether she had talked to her doctors about this issue or if there was anything in the record. Lindeman responded she had not talked to her doctors and that the mood shifts had only occurred frequently within the past month. [Tr., p. 634]

Dr. Goad's report does not conclusively state that Lindeman suffered from the social limitations and evidence exists in the record to contradict the alleged social disabilities. Specifically, the ALJ found that Lindeman leaves home to visit family or friends once a month and stays for two to three days, that she sometimes, but not often, receives friends and relatives who visit, that Lindeman's boyfriend reported that she has friends who she usually visits at work, and that she has been "'making it' as a student for a number of years and seems to do best in structured environments." [Tr., p. 22, 118] The ALJ was therefore entitled to conclude that the alleged social disabilities were not entitled to significant weight.

At the hearing, the ALJ asked the VE if she had the opportunity to review Lindeman's file and listen to her testimony. [Tr., p. 635] The VE responded affirmatively to both questions and further affirmed that she had not noticed anything in her review of the file that would have a vocational impact on the ALJ's hypothetical question. In her decision, the ALJ found that based on all the evidence of social functioning presented, Lindeman had "mild difficulty in maintaining social functioning." [Tr., p. 22]

The ALJ accurately described Lindeman's abilities and limitations in the hypothetical question presented to the VE. The Court finds that substantial evidence supports the ALJ's determination that Lindeman is not disabled.

### IV.  CONCLUSION

After reviewing the briefs submitted by the parties and the record before the ALJ, it is hereby **ORDERED** as follows:

1. The Claimant's Motion for Summary Judgment [Record No. 9] is **DENIED**;

2. The Commissioner's Motion for Summary Judgment [Record No. 12] is **GRANTED**; and

3. The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 10th day of October, 2006.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge